**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------X
FJERRY, LLC,                              :         23-Civ.-510
        Plaintiff,               :

        Against                   :         **COMPLAINT**

RQ INSURANCE SERVICES, INC.,              :         **JURY TRIAL DEMANDED**
        Defendant.               :
--------------------------------X

Plaintiff FJerry, LLC ("Plaintiff") for its Complaint against defendant RQ Insurance Services, Inc. (aka E360 Insurance Services) ("Defendant"), alleges, as follows:

1. Plaintiff brings this action seeking injunctive and monetary relief for Defendant's intentional infringement of Plaintiff's copyright in Plaintiff's DudeWithSign image (the "Copyrighted Work"), for infringement of right of publicity related to Seth Phillips' image and likeness, and for false endorsement.

**JURISDICTION AND VENUE**

2. This court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332(a), and 1338(a), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

3. This Court has personal jurisdiction over Defendant because it regularly transacts, does, and solicits business in this judicial district, including by offering to sell, or causing to be offered for sale, and/or selling products in this district or because Plaintiff has sustained an injury in this district as a result of Defendant's unlawful conduct. Defendant also has committed tortious acts within this jurisdiction causing injury to Plaintiff as alleged further herein.

4.     Venue is proper in this district under 28 U.S.C. § 1391 and 1400(a) because Defendant resides in this district and because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

5.     Plaintiff is a limited liability company located at 214 Sullivan Street, New York, New York 10012.

6.     On information and belief, Defendant is a California corporation located at 16000 Ventura Blvd., Suite 400, Encino, California 91436.

## FACTS

A.  <u>Plaintiff and Its Copyrighted Work and Right of Publicity</u>

7.     Plaintiff is a media content and advertising company, renowned for its expansive social media presence and impact on contemporary pop-culture.

8.     Plaintiff was founded in 2010 with the launch of Plaintiff's "F**KJerry" social media account by company founder Elliot Tebele ("FJerry Social Media Account"). The FJerry Social Media Account shared viral meme content and quickly drew a strong cult following.

9.     Since those early days, the FJerry Social Media Account has grown in popularity and recognition, and currently has over 16.7 million followers.  This account has been recognized in publications, such as Forbes, as one of the internet's top grossing influencer accounts.

10.    In addition to the FJerry Social Media Account, Plaintiff has also created other prominent social media properties including Dudewithsign, Dudettewithsign, Beigecardigan, and others. Combined, these accounts bring the Plaintiff's total follower count to over 30 million users.

11. As result of its tremendous success and recognition, Plaintiff is today one of the most prominent social media and meme companies. Because of its popularity and traffic, Plaintiff has been contracted by many major brands to support and promote a variety of brands and their marketing campaigns, including: Anheuser-Busch, Warner Bros, and Universal, to name a few.

12. Among the most popular and commercially successful of Plaintiff's properties is the DudeWithSign social media account ("DudeWithSign Account"), which launched in 2019.

13. The DudeWithSign Account features a unique creative direction led by Seth Phillips ("Phillips"), a/k/a the "dude with a sign."

14. Phillips, acting as a man holding cardboard signs protests everyday annoyances throughout New York City, and, on occasion, other parts of the world.

15. For example, his first viral post was "Stop replying all to companywide emails."

16. Since that time, the internet has loved Phillips' relatable takes and observations on everyday social situations. Posts on the DudeWithSign Instagram account regularly solicit hundreds of thousands (if not millions) of "likes", thousands of comments, and millions of user impressions.

17. The DudeWithSign Account has been featured in Forbes, Men's Journal, Yahoo! and US Weekly.

18. Some examples of popular postings in the DudeWithSign Account are pictured below:



19.     The DudeWithSign account also caught the attention of the White House, with one viral post featuring Mr. Phillips and President Joe Biden holding up cardboard signs promoting COVID vaccinations:



20.     The DudeWithSign Account has grown to 8 million followers.

21.     Given its wide popularity and tremendous following, the DudeWithSign Account has become a valuable commercial property for Plaintiff.

4

22. Plaintiff has entered into license agreements with several companies for use of its intellectual property rights connected to the DudeWithSign Account. These license agreements alone have generated substantial revenue for Plaintiff.

23. Given his celebrity and influence, Phillips is highly sought after by companies hoping to secure his endorsement of their products, and those companies are willing to pay significant sums to engage Phillips to help promote their brands.

24. Plaintiff and Phillips have selectively endorsed, and continue to selectively endorse, various products and services.

25. Phillips' image, likeness, and persona have come to be associated in the minds of the consuming public with products and services that Plaintiff and Phillips endorse.

26. Plaintiff is the exclusive licensee of all relevant rights to Phillips' right of publicity.

27. Plaintiff and Phillips maintain strict control over the manner in which Phillips' image, likeness, and persona are used.

28. Plaintiff and Phillips exercise careful consideration in selecting and approving products and services that they will permit to license or use Phillips' image, likeness, or persona.

29. Plaintiff's employee Guy Blelloch ("Employee") created, as part of and within the scope of his employment with Plaintiff, a photograph that comprises the copyrighted work on or around December 6, 2019 ("Copyrighted Work"). Because the Copyrighted Work is a work made for hire within the scope of Employee's employment with Plaintiff, Plaintiff owns any and all copyright rights in the Copyrighted Work.

30. An image of the Copyrighted Work, is depicted below:



31. The Copyrighted Work is wholly original, and Plaintiff is the exclusive owner of all right, title, and interest, including all rights under copyright, in the Copyrighted Work.

32. Plaintiff is the owner of valid and subsisting United States Copyright Registration No. VA 2-319-345 for the Copyrighted Work, issued by the United States Copyright Office with an Effective Date of Registration of September 6, 2022. Attached as Exhibit A is a true and correct copy of the registration certificate for the Copyrighted Work.

33. Plaintiff has published the Copyrighted Work by displaying same on the DudeWithSign Account.

34. The Copyrighted Work is of significant value to Plaintiff.

B. Defendant's Infringing Conduct

35. On information and belief, Defendant is engaged in the business of selling insurance.

36. Defendant published, printed, publicly displayed images (the "Infringing Work"), which are substantially similar to and/or a derivative work based on, the Copyrighted Work.

37. On information and belief, the Infringing Work has been made available to the public by Defendant via, at least, Instagram. Attached hereto as Exhibit B is a copy of the Infringing Work.

38. On information and belief, Defendant obtained physical possession of or otherwise viewed Plaintiff's Copyrighted Work, and intentionally copied and made a derivative work of the Copyrighted Work to create the Infringing Work.

39. That Defendant copied the Copyrighted Work when it created the Infringing Work is evidenced by the striking similarities between the Copyrighted Work and the Infringing Work, which cannot possibly be explained other than as a result of copying and Defendant's access to the Copyrighted Work as a result of the widespread dissemination of the Copyrighted Work in the United States and the numerous and substantial similarities between the parties' works.

40. Defendant copied the Copyrighted Work without Plaintiff's authorization, consent, or knowledge, and without any remuneration to Plaintiff.

41. Defendant did not seek, and pay, for a license to use the Copyrighted Work.

42. After Defendant copied the Copyrighted Work to create the Infringing Work, it exploited the Infringing Work to promote its own products and increase its own sales, thereby securing a financial windfall for the unauthorized use of Plaintiff's property and rights.

43. On information and belief, the Defendant paid Instagram for use of Instagram's premium "Boost" service for the Infringing Work which was intended to increase the viewership of the Infringing Work.

44. As a result of Defendant's actions described above, Plaintiff has been directly damaged, and is continuing to be damaged, by the unauthorized reproduction, distribution, and

public display of the Infringing Work. Defendant has never accounted to or otherwise paid Plaintiff for its use of the Copyrighted Work.

45. Defendant's acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law.

46. Hoping to benefit from Phillips' celebrity and influence, Defendant has used Phillips' image, likeness, and persona to promote Defendant's business without Phillips' and without Plaintiff's consent, and specifically to promote Defendant's products and software.

47. Defendant's unauthorized use of Phillips' image, likeness, and persona to promote Defendant and its products are blatant and willful violations of his and Plaintiff's statutory and common law rights of publicity.

48. By this action, Plaintiff seeks permanent injunctive relief, an award of compensatory and treble damages, the disgorgement of Defendant's ill-gotten profits, and an award of punitive damages to deter Defendant from future violations of Plaintiff's and Phillips' personal and intellectual property rights.

**COUNT ONE**
**Federal Copyright Infringement**
**(17 U.S.C. § 501)**

49. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

50. The Copyrighted Work is an original work of visual art containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, et. seq. Plaintiff is the exclusive owner of rights under copyright in and to the Copyrighted Work. Plaintiff owns a valid copyright registration for the Copyrighted Work, attached as Exhibit A.

51. Through Defendant's conduct alleged herein, including Defendant's reproduction, distribution and public display of the Infringing Work, which is copied from, derivative of, and

substantially similar to Plaintiff's Copyrighted Work, without Plaintiff's permission, Defendant has directly infringed Plaintiff's exclusive rights in the Copyrighted Work in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

52. On information and belief, Defendant's infringing conduct alleged herein was and continues to be willful and with full knowledge of Plaintiff's rights in the Copyrighted Work, and has enabled Defendant illegally to obtain profit therefrom.

53. As a direct and proximate result of Defendant's infringing conduct alleged herein, Plaintiff has been harmed and is entitled to damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff is also entitled to recovery of Defendant's profits attributable to Defendant's infringing conduct alleged herein, including from any and all sales deriving from the Infringing Work and products incorporating or embodying the Infringing Work, and an accounting of such profits.

54. Alternatively, Plaintiff is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 for Defendant's infringing conduct and for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

55. Plaintiff further is entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

56. As a direct and proximate result of the Defendant's infringing conduct alleged herein, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. On information and belief, unless Defendant's infringing conduct is enjoined by this Court, Defendant will continue to infringe the Copyrighted Work. Plaintiff therefore is entitled to permanent injunctive relief restraining and enjoining Defendant's ongoing infringing conduct.

**COUNT TWO**
**Right of Publicity**
**NY Civ. Rights Law § 51**

57. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

58. Phillips is the owner, and Plaintiff the exclusive licensee, of the statutory and common law rights associated with Phillips' image, likeness, and persona.

59. Defendant, without Plaintiff's or Phillips' consent, has knowingly and willfully used Phillips' image and likeness within this State for advertising and trade purposes.

60. Plaintiff has suffered damage as a result of Defendant's unauthorized use.

**COUNT THREE**
**False Endorsement**
**15 U.S.C. § 1125(a)**

61. Plaintiff repeats and realleges the preceding paragraphs as if fully set forth herein.

62. Phillips is the owner, and Plaintiff the exclusive licensee, of the statutory and common law rights associated with Phillips' image, likeness. Phillips and Plaintiff use such persona as a necessary component for paid endorsement deals, including Plaintiff's and Phillips' right to decide whether to associate his image, likeness, and persona with any third party for purposes relating to sponsorship and/or endorsement.

63. Defendant used Phillips' image, likeness, and persona without permission by creating the Infringing Work to promote Defendant's products and software.

64. Defendants' unauthorized uses constitute false or misleading representations of fact to falsely imply the endorsement of Defendant's business and product by Phillips and Plaintiff.

65. Defendants' unauthorized uses of Phillips' image, likeness, and persona are likely to confuse and deceive consumers as to Phillips' and Plaintiff's sponsorship, endorsement, and/or approval of Defendant and its products.

66. Specifically, Defendant's use of Phillips' image, likeness, and persona is likely to cause consumers to mistakenly believe that Phillips and/or Plaintiff is/are associated with Defendant, or that Phillips and/or Plaintiff sponsors, endorses, or approves of Defendant's products, websites, or social media accounts.

67. Defendant's wrongful acts have misled and confused consumers, and continue to mislead and confuse consumers, by, among other things, willfully and intentionally creating a false impression that Defendant's products are, or were, sponsored, endorsed, approved, affiliated, or associated with Phillips and/or Plaintiff.

68. As a direct and proximate result of the acts of false endorsement and unfair competition set forth above, Phillips and Plaintiff have suffered actual damages in an amount to be proven at trial.

69. Upon information and belief, Defendant committed the unauthorized acts described above knowing that they are likely to cause consumers to falsely believe that Phillips and/or Plaintiff endorses Defendant's brand and product. Defendant has thus willfully, knowingly, and maliciously deceived and confused the relevant consuming public, such that Plaintiff is entitled to an award of treble damages.

70. Defendant's violations alleged herein are continuing and unless restrained and enjoined will cause irreparable injury to Plaintiff for which it has no adequate remedy at law.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury on all issues triable of right by a jury.

**WHEREFORE**, Plaintiff requests judgment against Defendant as follows:

1. That Defendant has knowingly and willfully violated Section 501 of the Copyright Act (17 U.S.C. § 501).

2. That Defendant has knowingly and willfully violated NY Civ. Rights Law § 51 and Plaintiff's right of publicity.

3. Granting an injunction permanently enjoining the Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise, from:

   (a) manufacturing, distributing, marketing, advertising, promoting, displaying, or selling or authorizing any third party to manufacture, distribute, market, advertise, promote, display, or sell the Infringing Work and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Work;

   (b) reproducing, distributing, or publicly displaying the Copyrighted Work, creating any derivative works based on the Copyrighted Work, or engaging in any activity that infringes Plaintiff's rights in its Copyrighted Work; and

   (c) aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) or (b).

4. For a permanent injunction restraining and enjoining Defendant and its agents, servants, and employees, and all other persons with whom they are acting in concert to refrain from using Phillips' image, likeness, and persona without his consent.

5. That Defendant be ordered to provide an accounting of Defendant's profits attributable to Defendant's infringing conduct, including Defendant's profits from sales of the Infringing Work and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Work.

6. That Defendant be ordered to destroy or deliver up for destruction all materials in Defendant's possession, custody, or control used by Defendant in connection with Defendant's infringing conduct, including without limitation all remaining copies/inventory of the Infringing Work and any products and works that embody any reproduction or other copy or colorable imitation of the Copyrighted Work, as well as all means for manufacturing them.

7. That Defendant, at its own expense, be ordered to recall the Infringing Work from any distributors, retailers, vendors, or others that have distributed the Infringing Work on Defendant's behalf, and any products, works or other materials that include, copy, are derived from, or otherwise embody the Infringing Work or the Copyrighted Work, and that Defendant be ordered to destroy or deliver up for destruction all materials returned to it.

8. Awarding Plaintiff:

(a) Defendant's profits obtained as a result of Defendant's infringing conduct, including but not limited to all profits from sales and other exploitation of the Infringing Work and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Infringing Work or the Copyrighted Work, or in the Court's discretion, such amount as the Court finds to be just and proper;

(b)     damages sustained by Plaintiff as a result of Defendant's infringing conduct, in an amount to be proven at trial;

(c)     should Plaintiff so elect, statutory damages pursuant to 17 U.S.C. § 504(c) instead of actual damages or profits;

(d)     Any enhancements of such damages permitted under law; and

(e)     Plaintiff's reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505 or any other statute or law.

9.     Awarding Plaintiff interest, including pre-judgment and post-judgment interest, on the foregoing sums.

Respectfully submitted,

_s/ Jeffrey A. Lindenbaum_____
Jeffrey A. Lindenbaum JL-1971
Jess M. Collen
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
The Holyoke-Manhattan Building
80 South Highland Avenue
Ossining, New York 10562
Tel.  (914) 941-5668
Fax. (914) 941-6091
jlindenbaum@rothwellfigg.com
*Attorneys for Plaintiff*

Dated: January 20, 2023